# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA

## FIRST AMENDED CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   Douglas Wade Lilly, Jr.
                     Kira Brown Lilly                           Case No: 14-60581

This plan, dated __May 19, 2014__, is:

  ☐ the *first* Chapter 13 plan filed in this case.
  ☒ a modified Plan, which replaces the
    ☐ confirmed or ☒ unconfirmed Plan dated **March 27, 2014**_____.

  Date and Time of <u>Modified Plan</u> Confirming Hearing: June 16, 2014 @ 9:30 am

  Place of <u>Modified Plan</u> Confirmation Hearing:  US Courthouse, Room 200, 255 West Main Street, Charlottesville, VA

  The Plan provisions modified by this filing are:  1; 3D; 5A

  Creditors affected by this modification are: UVA Community Credit Union (not adversely); Langley Federal Credit Union (not adversely)

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.

The debtor(s)' schedules list assets and liabilities as follows:

  Total Assets: **$159,379.79**
  Total Non-Priority Unsecured Debt: **$28,577.27**
  Total Priority Debt: **$0.00**
  Total Secured Debt: **$184,072.46**

1. Funding of Plan. The debtor(s) propose to pay the trustee the sum of **$350.00 Monthly for 54 months beginning June, 2014, then $773.00 Monthly for 6 months.** Other payments to the Trustee are as follows: __$350.00 FOH as of 5/16/14__. The total amount to be paid into the plan is $ __23,888.00__.

2. Priority Creditors. The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. Administrative Claims under 11 U.S.C. § 1326.

   1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
   2. Debtor(s)' attorney will be paid $ __2,900.00__ balance due of the total fee of $ __2,900.00__ concurrently with or prior to the payments to remaining creditors.

   B. Claims under 11 U.S.C. §507.
   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
|  |  |  |  |

3. Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.

   A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan. The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- |  |  |  |  |

   B. Real or Personal Property to be Surrendered.

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Bluegreen Corp (See Para 11B) | Timeshare through BlueGreen Vacations (purchase price   valuation) | 8,278.47 | 7,632.00 |
| Zale/cbsd (See Para 11B) | Earrings, @ debtor(s) residence | 500.00 | 500.00 |

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

C. **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| University Of Va Commu | 2010 Honda Accord with 80,000 miles in good condition, @ debtor(s) residence (tax-assessed valuation) | 130.00 for 6 months | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, whichever is less, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| University Of Va Commu | 2010 Honda Accord with 80,000 miles in good condition, @ debtor(s) residence (tax-assessed valuation) | 10,429.10 | 5% | 216.07 54 months |

E. **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately **5%**. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

B. **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| Chase Manhattan Mortgage | Residence at 7043 Albevanna Spring Road, Scottsville, Virginia (tax-assessed valuation) | 944.61 | 4,000.00 | 0% | 60 months | Prorata |
| Langley Fed Credit Uni | 2008 GMC Sierra, @ debtor(s) residence (Kelley Blue Book valuation); debtors do not have a current personal property statement on this vehicle, as they just purchased it in September 2013. | 423.00 | 11.00 | 0% | 0 months | |
| Union First Market Bank Corp 401k | 401k through employer | 113.54 | 0.00 | 0% | 0 months | |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                                                                              Best Case Bankruptcy

B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| Direct TV | Lease/Executory Contract | 0.00 | | 0 months |
| Sprint Nextel | Lease/Executory Contract | 0.00 | | 0 months |

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f). The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| Sperry Marine Federal Credit Union | HELOC | Residence at 7043 Albevanna Spring Road, Scottsville, Virginia (tax-assessed valuation) | 100% Unsecured |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:**
    A. **Attorneys Fees.** Attorneys Fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 2B, 4, 5, and 6 herein, except that attorneys fees shall be paid pro rata with any distribution to domestic support order claimants under paragraph 2B.
    B. **Deficiency Claims for Surrendered Property.** Any unsecured proof of claim for a deficiency which results from the surrender and liquidation of the collateral noted in paragraph 3.B of this plan must be filed by the earlier of the following dates or such claim will be forever barred: (1) within 180 days of the date of the first confirmation order

Page 5of 8

confirming a plan which provides for the surrender of said collateral, or (2) within the time period set for the filing of an unsecured deficiency claim as established by any order granting relief from the automatic say with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

C.  The $_____ in Debtor(s)' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
(i)   $ _____:  Fees to be approved, or already approved, by the Court at initial plan confirmation;
(ii)  $ _____:  Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #        : $        ; ECF #        : $        ];
(iii) $ _____: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed;

D.  Plan Payment Method.   Plan payment will be made via:   WDO ___ (Husband ____ Wife ____ Both ____); or by PDO____.

Signatures:

Dated: _____5/18/14_____

_____
Douglas Wade Lilly, Jr.
Debtor

_____
Kira Brown Lilly
Joint Debtor

_____
Marshall M. Slayton VSB# 37362
Debtor's Attorney

Exhibits:    Copy of Debtor(s)' Budget (Schedules I and J);
             Matrix of Parties Served with Plan

Certificate of Service

I certify that on _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_____
Marshall M. Slayton VSB# 37362
Signature

420 Park Street
Charlottesville, VA 22902
Address

(434) 979-7900
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2013 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy